At an IAS Part ___ of Supreme Court of the State of New York, held in and for the County of Kings at the Courthouse thereof, 360 Adams Street, Brooklyn, New York on the 13 day of July, 2021.

P R E S E N T :
HON. __Knipel__,
Justice of the Supreme Court

-------------------------------------X
SIGNATURE LIEN ACQUISITIONS III LLC, AS
ASSIGNEE AND SUCCESSOR IN INTEREST
TO NEW YORK COMMUNITY BANK,

                 Plaintiff,

    - against -

SPL PARTNERS LLC, a Delaware limited liability company; SPL MEMBER LLC a/k/a SPL ASSOCIATES; JAMES PAPPAS; ROBERT J. SILVESTRI; ROBERT J. SILVESTRI AS SUCCESSOR TRUSTEE OF THE LUIGI G. SILVESTRI REVOCABLE TRUST DATED OCTOBER 8, 2008; DIMITRIOS SPIROPOULOS A/K/A DEMETRIOS SPIROPOULOS; ACC REAL ESTATE SERVICES, INC.; LUNDY'S MANAGEMENT CORP.; JANNEY MONTGOMERY SCOTT, INC.; BALTIC STREET AEH, INC.; RIDGE ABSTRACT CORP.; GRIMALDI & YEUNG LLP; JEWISH BOARD OF FAMILY AND CHILDREN'S SERVICES, INC.; PEST ELIMINATION SYSTEMS & DIEHARD EXTERMINATING, INC.; BROOKLYN WOMEN'S (A/K/A WOMAN'S) SERVICES, LLC AND DR. NICOLETTA PALLOTA; AMERICAN HOPE HOME CARE SERVICES; STABLE CAR PARKING INC.; KELLER WILLIAMS REALTY; PIZZERIA UNO OF BAY RIDGE, INC.; BAY RIDGE CHIROPRACTIC HEALTHCARE PC D/B/A BAY RIDGE HOLISTIC HEALTHCARE PC; DR. CHITRA RADHAKRISHNAN; DR. LEE LOEWINGER; NORTHROP GRUMMAN INFORMATION TECHNOLOGY, INC.; NEW YORK NETWORK MANAGEMENT, LLC; CCMM I LLC; CRIMINAL COURT OF THE CITY OF NEW YORK; NEW YORK CITY ENVIRONMENTAL CONTROL BOARD; NEW YORK CITY DEPARTMENT OF

Index No. 512538/2021

**EX-PARTE ORDER APPOINTING RECEIVER IN FORECLOSURE -
RPAL § 1325(1)**

- 1 -

FINANCE; NEW YORK CITY PARKING VIOLATIONS BUREAU, NEW YORK CITY TRANSIT ADJUDICATION BUREAU, "JOHN OR JANE DOE NOS. 1-15" and/or "XYZ CORP. NOS. 1-15", the names of the John or Jane Doe's or XYZ Corp.'s being fictitious, the true names of said defendants being unknown to plaintiff, it being intended to designate fee owners or their members, tenants or occupants of the mortgaged premises and/or persons or entities having or claiming an interest in or a lien upon the mortgaged premises, if the aforesaid defendants are living, and if any or all of said individual defendants be dead, their heirs at law, next of kin, distributees, executors, administrators, trustees, committees, devisees, legatees, and the assignees, lienors, creditors and successors in interest of them, and generally all persons or entities having or claiming under, by, through or against the said defendants named as a class, of any right, title, or interest in or lien upon the premises described in the complaint herein,

                        Defendants.
-------------------------------------------------------------X

        Upon reading and filing the annexed affidavit of Cathy Pappas, Chief Financial Officer, sworn to the 8th day of June 2021, the affirmation of Elliott S. Martin dated June 8th, 2021, together with the exhibits annexed thereto, and upon all of the pleadings and prior proceedings had herein, and it appearing to the satisfaction of this Court that this action is brought to foreclose a consolidated first mortgage lien encumbering real property in the Borough and County of Kings, City and State of New York, and from which it appears that the Plaintiff is the owner and holder of the mortgage lien in the original principal amount of $16,400,000.00 on the commercial real property hereinafter described by Schedule "A" legal description (the "Property") also known as the Hamilton Financial Center, and the defendant SPL Partners LLC (the "Defendant") is in default under the mortgage, which matured upon notice of acceleration dated March 9, 2021, at an unpaid principal balance due in the sum of $15,560,099.74 with interest thereon, according to the complaint filed under the above-captioned action to foreclose the mortgage lien, and the mortgage

contains the statutory provision authorizing the appointment of a receiver for the collection of all rents and income of the Property (the "Receiver") and to take possession thereof, without notice and without regard to the value of the mortgaged Property or the solvency or insolvency of any person or persons liable for the payment of the mortgage indebtedness,

NOW, on motion of Goldberg & Cohn LLP, attorneys for the plaintiff, it is

ORDERED, that Gregory Laspina, Esq. with offices at 19-02 Whitestone Expressway, Whitestone, NY 11357 is appointed, with the usual powers and directions as Receiver for the benefit of the plaintiff of all the rents and profits now due and unpaid or to become due during the pendency of this action and issuing out of the mortgaged Property all as set forth in the verified complaint filed herein, and situated at 9201-9211 4th Avenue (a/k/a 9202-9215 5th Avenue and 402-424 92nd Street), Brooklyn, New York, and designated on the City tax map as Block 6108 and 22, as described in Schedule "A" annexed hereto; and it is further

ORDERED, that before entering upon his/her duties, said Receiver shall be sworn faithfully and fairly to discharge the trust committed to him/her and to file an oath with the Clerk of the Court; and to further execute to the People of the State of New York and file with the Clerk of this Court a bond with sufficient sureties to be in the sum of $500,000 conditioned upon the faithful performance of his duties as Receiver herein; and it is further

ORDERED, that said Receiver be and hereby is directed to demand, collect and receive from the occupants, tenants and licensees in possession of the Property, or other persons liable therefor, all of the rents, profits, or license fees thereof now due and unpaid or hereafter to become fixed or due; and that said Receiver be and hereby is authorized to institute and carry on all legal proceedings necessary for the protection of the Property or to recover possession of the whole, or any part hereof, and/or apply to the Court to fix reasonable rental value and license fee value and

- 3 -

to compel the tenants and occupants to attorn to the Receiver; and it is further directed that the Receiver may institute and prosecute suits for the collection of rents, profits or license fees and other charges now due or hereafter to become due or fixed, and summary proceedings for the removal of any tenant or tenants or licensees or other persons therefrom, and to apply for the retention of counsel for such purposes; and it is further

ORDERED, that the defendants, SPL PARTNERS LLC as Mortgagor, SPL MEMBER LLC as Mortgagor's sole member and agent, and ACC REAL ESTATE SERVICES, INC. as Mortgagor's Property management company (collectively the "Defendants"), their successors and/or assigns, or their agents, officers, members, employees or contractors are hereby directed to deliver and attorn to the Receiver all rent lists, rent rolls, general ledgers, statements, printouts, unexpired or expired leases, any and all renewal leases, agreements, contracts, tenant security statements, escrow statements, lists of any kind for rent or other monies, arrears, relating to the use, occupancy and possession of the Property, including the possession of any space, or parking space, on the Property; and it is further

ORDERED, that pursuant to the provisions of General Obligations Law Section 7-105, any individual or entity holding any deposits or advances of rental as security under any lease or license agreement affecting the use, occupancy or possession or any space at the Property, subject of this action, shall turn same over to said Receiver within five (5) days after the Receiver shall have qualified; and thereupon the said Receiver shall hold such security subject to such disposition herein as shall be made and provided by further order of this Court; and it is further

ORDERED, that any individual or entity in possession of same shall turn over to said Receiver all rent lists, orders, unexpired and expired leases, agreements, correspondence, notices and registration statements, relating to the rental of any space or facilities at the Property; and it is further

- 4 -

ORDERED, that said Receiver forthwith deposit all monies received by him at the time he receives the same in his name as Receiver in _____ and no withdrawals shall be made therefrom except as directed by the Court or on a draft or check signed by the Receiver and countersigned by the surety on his bond, and said depository shall send monthly statements of the deposits and withdrawals from said account to the depositor Receiver; and it is further

ORDERED, that the Receiver is prohibited from incurring excess obligations of more than $3,000.00 without further order of the Court or written consent of the plaintiff; and it is further

ORDERED, that the Receiver is authorized to forthwith take charge and enter into possession of the Property; and it is further

ORDERED, that the Receiver is prohibited from accepting or retaining any funds for himself or paying any funds to himself/herself without compliance with Part 36 of the Rules of the Chief Administrative Judge; and it is further

ORDERED, that the Receiver is permitted to appoint a managing agent to rent or collect the rents and profits of the Property, but the Receiver must apply to this Court for permission to hire a managing agent; and it is further

ORDERED, that the said Receiver be and he hereby is authorized, from time to time, to rent or lease space and facilities at the Property for a term not exceeding two (2) years subject to applicable rent rules of the State of New York, if applicable; and to keep said Property insured against loss or damage by fire and other hazards for the benefit of the plaintiff in the event said insurance is not provided by the plaintiff or owner of the Property; and to keep said Property in repair; and to pay the taxes, assessments, water rates, sewer rents, vault rents, salaries of employees, supplies and other charges, all in compliance with C.P.L.R. §5228(a); and to comply with all lawful requirements of any municipal department or other authority of the municipality in

- 5 -

which the Property are situated; and to procure such fire, plate glass, liability and other insurance as may be reasonably necessary; and it is further

ORDERED, that the tenants, subtenants or other persons or licensees in possession of the Property attorn to the Receiver and pay over to said Receiver all rents or other monies, license fees and other charges of such Property now due and unpaid, or that may hereafter become due; and that the Defendants, their successors or assigns, and their agents, officers, employees or contractors be enjoined and restrained from collecting the rents and income, license fees and other charges of said premises and from interfering in any manner with the property or its possession; and from transferring, removing or in any way disturbing any of the occupants or employees; and that all tenants, occupants, employees and licensees of the Property and any other persons liable for the rents be and hereby are enjoined and restrained from paying any rent or income, license fees or other charges for such Property to the defendants their successors or assigns, their agents, officers, employees, contractors or attorneys; and it is further

ORDERED, that all persons now or hereafter in possession of the Property or any part thereof, and not holding such possession under valid and existing leases, do forthwith surrender such possession to the Receiver at the option of the Receiver, subject to Emergency Rent laws, if any; and it is further

ORDERED, that notwithstanding anything to the contrary contained in this order, the Receiver be and hereby is authorized to make any reasonable and necessary ordinary repairs to the Property not in excess of $1,000 without the further, prior order of this Court, upon prior notice to the plaintiff; and it is further

ORDERED, that said Receiver after paying the expenses of the management and care of the Property, as above provided, retain the balance of the money which may come into his hands

- 6 -

until the sale of the Property under judgment to be entered in this action and/or until further order of the Court; and it is further

ORDERED, that the Receiver comply with all lawful requirements of any municipal department or other authority of the municipality in which the mortgaged Property are situated; and it is further

ORDERED, that the said Receiver or any party hereto may at any time, on proper notice to all parties who may have appeared in this action, apply to this Court for an order or for instructions or powers necessary to enable such Receiver to properly and faithfully perform his duties; and it is further

ORDERED, that the appointee named herein shall comply with Section 35(a) of the Judiciary Law, C.P.L.R, §§6401-6404, and R.P.A.P.L. 1325; and it is further

ORDERED, that the Receiver appointed herein shall continue his duties as such until the receivership is terminated by order of the Court; and it is further

ORDERED, that the Receiver appointed herein shall file a monthly accounting from the date of this Order, and throughout the pendency and existence of this receivership, with copies of said accountings to be forwarded to plaintiff's attorneys; and it is further

ORDERED, that the Receiver, upon receiving written notification from plaintiff's attorneys that the borrower has entered into a stipulation and forbearance agreement with plaintiff, shall cease from his/her duties until further notification from plaintiff's attorneys; and it is further

ORDERED, that the Receiver shall not make any secondary appointments without the prior written approval of the Court, and that the Receiver shall comply with Part 36 of the Rules of the Chief Administrative Judge including, but not limited to, Section 36.2(c) ("Disqualifications from Appointments"), and Section 36.2(d) ("Limitations on Appointments Based upon Compensation"); and it is further

ORDERED, that notwithstanding any other provision of this order to the contrary, the Receiver shall not appoint an attorney, agent, property manager or real estate broker, appraiser, auctioneer or accountant without prior, written authorization of the Court; and

See, Schedule "A"-Legal Description-annexed hereto and made part hereof.

ENTER:

_____
Justice of the Supreme Court

HON. LAWRENCE KNIPEL
ADMINISTRATIVE JUDGE



Home Abstract Corp.

Search No.: HAC-4138
State New York
Borough Brooklyn
County Kings
Tax Designation Block 6108 Lot 22
Street No.: 9201 4th Avenue, Brooklyn, N.Y.

## SCHEDULE A
### DESCRIPTION OF PREMISES

ALL that certain plot piece or parcel of land, situate, lying and being in the Borough of Brooklyn, County of Kings, City and State of New York, bounded and described as follows:

BEGINNING at the corner formed by the intersection of the southerly side of 92nd Street with the westerly side of 5th Avenue;

RUNNING THENCE southerly along the westerly side of 5th Avenue, 100' 2";

THENCE westerly parallel with the southerly side of 92nd Street, 163' 5-1/2" to the easterly side of 4th Avenue;

THENCE northerly along the easterly side of 4th Avenue 105' 2-1/4" to the corner formed by the intersection of the easterly side of 4th Avenue with the southerly side of 92nd Street; and

THENCE easterly along the southerly side of 92nd Street, 192' 3-1/4" to the corner aforesaid, the point or place of BEGINNING.

2

8225 Third Avenue | Brooklyn, New York 11209       14 Penn Plaza, 9th Floor | New York, New York 10122
Brooklyn: (718) 680-4663   |   Manhattan: (212) 542-2200   |   Fax: (718) 680-4668
info@homeabstractcorp.com                 |           www.homeabstractcorp.com

9 of 9