UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

In re: SPL Partners, LLC,

                      Debtor.

Chapter 11

Case No. 21-42248-ESS

------------------------------------------------------------X

**STIPULATION AND ORDER RESOLVING MOTION BY SIGNATURE LIEN ACQUISITIONS III LLC TO (I) EXCUSE THE RECEIVER'S COMPLIANCE WITH THE TURNOVER PROVISIONS OF THE BANKRUPTCY CODE OR, ALTERNATIVELY, APPOINT AN OPERATING TRUSTEE; AND (II) TO APPROVE PROTECTIVE ADVANCES AND USE OF CASH COLLATERAL TO MAINTAIN THE PROPERTY**

       WHEREAS, on August 31, 2021 (the "Filing Date"), petitioning creditors, Xemex LLC, Stacey Angelides and Angelo Gerosavas (collectively the "Petitioning Creditors") filed an involuntary petition against SPL Partners, LLC (the "Debtor") pursuant to chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code"); and

       WHEREAS, on October 8, 2021, the Debtor consented to being a chapter 11 debtor; and

       WHEREAS, on October 27, 2021, the United States Bankruptcy Court for the Eastern District of New York entered an Order for Relief in this case; and

       WHEREAS, the Debtor is the owner of commercial real property located at 9201 4th Avenue, Brooklyn, New York (the "Property"), which constitutes the principal asset of the estate; and

       WHEREAS, prior to the Filing Date, Signature Liens Acquisitions III LLC ("Lender") commenced an action in the Supreme Court of New York, Kings County (the "State Court") entitled *Signature Lien Acquisitions III LLC v. SPL Partners LLC,* Index No. 512538/2021 (the "Foreclosure Action") seeking to foreclose its mortgage on the Property; and

WHEREAS, in connection with the Foreclosure Action, on July 14, 2021, the State Court entered an Order appointing Gregory LaSpina, Esq. (the "Receiver") as receiver of the Property pursuant to RPAPL § 1325(1) (the "Receivership Order"); and

WHEREAS, on October 29, 2021, Lender filed a motion with the Court to (i) Excuse the Receiver's Compliance with the Turnover Provisions of the Bankruptcy Code or, Alternatively, Appoint an Operating Trustee; and (ii) to Approve Protective Advances and Use of Cash Collateral to Maintain the Property (the "Motion"); and

WHEREAS, the parties hereto have reached an agreement resolving the Lender's Motion pursuant to the terms set forth herein;

NOW, THEREFORE, IT IS HEREBY STIPULATED BY THE PARTIES AS FOLLOWS:

1. The Receiver is hereby excused from the turnover requirements set forth in Section 543(d) of the Bankruptcy Code subject to his compliance with the terms and conditions set forth herein.

2. The Receiver shall have the powers set forth in the Receivership Order except as otherwise modified herein. For the avoidance of doubt, the Receiver cannot propose a Chapter 11 plan nor has standing to file an application to sell the Property. The Debtor and Lender agree to and consent to the formal appointment of Barton Schwartz as Property Manager and Adam Kalish, Esq., as Special Landlord Tenant Counsel, both of whom have been serving as Receiver's agents and secondary retainees, prior to the filing of the Debtor's Bankruptcy Petition and in that, Part 36 requires for reporting and compliance purposes that the Receiver obtain the Court's Consent for the engagement of his secondary retainees.

3. The Receiver is empowered to manage the Property consistent with the Receivership Order and conduct emergency repairs as needed.

4. The Receiver shall not enter into any leases for the Property or take steps to terminate any leases for the Property absent *both* the consent of the Debtor and the Lender or the entry of an Order of the Bankruptcy Court.

5. The Receiver shall provide the Debtor and Lender with monthly operating reports and information necessary to enable the Debtor to prepare the monthly operating reports for the Property pursuant to the Guidelines of the Office of the United States Trustee.

6. The Receiver shall provide the Debtor with information reasonably requested by the Debtor regarding the operation of the Property inclusive of, but not limited to information necessary to prepare the Debtor's (a) schedules and statement of financial affairs and (b) plan and disclosure statement.

7. The within Stipulation is without prejudice to the right of any party in interest to seek to terminate the Receiver's authority to act with respect to the Property.

8. Lender reserves all rights with respect to use of its cash collateral and to request adequate protection payments.

9. Compensation of the Receiver and his professionals shall be subject to this Court's approval under Section 543(c)(2) of the Bankruptcy Code.

10. Any disputes regarding the terms of this Stipulation or actions to enforce the provision of this Stipulation ***may*** ~~shall~~ be subject to the ~~exclusive~~ jurisdiction of this Court.

Dated: New York, New York
April 15, 2022

GOLDBERG WEPRIN FINKEL
GOLDSTEIN LLP
Attorneys for Signature Liens Acquisitions
III LLC

By: */s/ Kevin Nash*
    Kevin Nash, Esq.
    1501 Broadway, 22nd Floor
    New York, New York 10036
    (212) 212-5600
    knash@gwfglaw.com

ROSENBERG MUSSO & WEINER LLP
Counsel for Gregory LaSpina, Receiver

By: */s/ Bruce Weiner*
    Bruce Weiner, Esq.
    26 Court Street, Suite 2211
    Brooklyn, New York 11242
    (718) 855-6840
    bweiner@nybankruptcy.net

NORRIS MCLAUGHLIN, P.A.
Counsel for the Debtor

By: */s/ Melissa A.Pena*
    Melissa A. Pena, Esq.
    7 Times Square, 21st Floor
    New York, New York 10036
    (212) 808-0700
    mapena@norris-law.com

    ***IT IS*** SO ORDERED:



Dated: Brooklyn, New York
April 20, 2022

Elizabeth S. Stong
United States Bankruptcy Judge