Melissa A. Peña, Esq.
**NORRIS McLAUGHLIN, P.A.**
7 Times Square, 21st Floor
New York, New York 10036
Phone: 212-808-0700
Fax: 212-808-0844
mapena@norris-law.com
*Counsel for the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------X

In re:                                                                Chapter 11

SPL PARTNERS, LLC,                                    Case No. 21-42248 (ESS)

                       Debtor.

---------------------------------------------------------X

**RESPONSE TO SENIOR LENDER'S OBJECTION TO DISCLOSURE STATEMENT**

SPL Partners LLC, the debtor and debtor-in-possession (the "Debtor"), by its counsel, Norris, McLaughlin, PA, hereby responds to the *Senior Lender's Objection to Disclosure Statement* [Docket No. 74] ("Signature Objection" or "Objection")[1] filed by Signature Lien Acquisitions III LLC ("Signature" or "Lender"), and respectfully represents as follows:

1. Signature raises three primary arguments in its Objection which are fatally flawed and should be overruled by this Court.

2. First, Signature contends that the Debtor's Disclosure Statement fails to provide adequate information about the condition and performance of the Debtor during the pendency of this Chapter 11 case. In its Plan, the Debtor proposed to pay creditors in full. As such, the

---

[1] Capitalized terms used but not otherwise defined herein will have the same meaning proscribed to them as set forth in the Signature Objection.

feasibility of the Plan is not determined by the continued performance of the Debtor. Rather, it turns on whether the Debtor can obtain the take out financing proposed in the Plan. Annexed hereto as Exhibit A is a correspondence from the proposed lender, which confirms that it is prepared to provide the financing through August 31, 2022 and that it agreed to provide the loan to the Debtor based upon the value of the Property and projected rent payments once the Property has been stabilized. Annexed hereto as Exhibit B is the Management Agreement referenced in Exhibit A.

3. Secondly, Signature asserts that the Disclosure Statement fails to provide a liquidation analysis setting forth the estimated returned that creditors, and in particular Signature, would receive under a Chapter 7 case. It is the Debtor's position that the liquidation analysis set forth in the Disclosure Statement, which starts at page 24, is sufficient and provides a satisfactory enough explanation of the impact that a Chapter 7 liquidation would have on the Debtor and the Property and the rate of return which would be distributed to creditors.

4. Third, Signature contends that its claim is impaired and that there have been no objections filed with respect to such claim. The Debtor will file a claim objection in this regard and the status and allowable amount of Signature's claim will turn on the Court's determination of that motion.

**WHEREFORE**, it is respectfully requested that this Court enter an Order overruling the Signature Objection and find that the Disclosure Statement contains adequate information and should be approved.

Dated: New York, New York
May 25, 2022

                                 **NORRIS McLAUGHLIN, P.A.**

                                 /s/ Melissa A. Pena
                                 Melissa A. Peña, Esq.
                                 7 Times Square, 21st Floor
                                 New York, New York  10036
                                 Phone:  212-808-0700
                                 Fax:  212-808-0844
                                 mapena@norris-law.com
                                 *Counsel for the Debtor*