UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re:                                                        Chapter 11

SPL PARTNERS LLC,                                             Case No. 21-42248 (ESS)

                           Debtor.
---------------------------------------------------------------X

**MOTION FOR ORDER APPROVING (i) THE RETENTION OF
ROSEWOOD REALTY GROUP AS REAL ESTATE BROKER
FOR THE DEBTOR'S PROPERTY; AND (ii) BIDDING
PROCEDURES TO BE USED IN CONNECTION WITH THE SALE,
AND GRANTING RELATED RELIEF**

Signature Lien Acquisitions III LLC ("Signature"), the senior secured lender of the debtor herein, SPL Partners LLC (the "Debtor"), holding a first mortgage lien against the Debtor's real property located at 9201 4th Avenue, New York, New York 11209 (the "Property") as and for its motion (i) to retain Rosewood Realty Group ("Rosewood") pursuant to 11 U.S.C. §§ 327(a) and 328(a) to act on behalf of the Debtor's estate to market the Property for sale at auction; and (ii) for approval of proposed bidding procedures to be used in connection with the auction sale, together with related relief, respectfully states and alleges as follows:

**Preliminary Statement**

1.  Predicated upon an agreement between Signature and the Debtor, the Debtor recently confirmed its Chapter 11 Plan of Reorganization (the "Plan") providing that the Debtor will ether make an agreed-upon Discounted Payoff[1] in full on or before the Payoff Deadline of March 6, 2023 or an Alternative Sale Process shall be indefeasibly triggered. At a status conference held on February 28, 2023, the Debtor informed the Court that the Debtor would not

---

[1] All capitalized terms not otherwise defined herein shall have the same meaning as defined in the Plan.

1

be able to fund the Discounted Payoff by the Payoff Deadline, thereby immediately triggering the Alternative Sale Process.

2.      In connection therewith, Signature now moves this Court to approve the retention of Rosewood Realty Group on behalf of the Debtor's estate to conduct the marketing process so that an auction sale may be held within the time frame established in the Plan. The terms of Rosewood's retention are set forth in the letter agreement annexed hereto as Exhibit "A" (the "Engagement Agreement"). In support of this application, the Debtor refers the Court and interested parties to the Declaration of Greg Corbin (the "Corbin Declaration") attached hereto as Exhibit "B".

3.      Signature also seeks approval of bidding procedures, a copy of which are annexed hereto as Exhibit "C" (the "Bidding Procedures"), to be used in connection with the auction sale process. In connection therewith, Signature also seeks the scheduling of a hearing to confirm the results of the Auction and finally approve the sale.

## BACKGROUND

4.      Following the commencement of an involuntary case, the Debtor consented to the jurisdiction of the Bankruptcy Court and agreed to the entry of an Order for Relief under Chapter 11 of title 11 of the United States Code, which was entered on October 26, 2021 [ECF No. 16].

5.      Prior to the commencement of bankruptcy, Signature's predecessor, New York Community Bank ("NYCB") loaned the Debtor the principal sum of $16,400,000 (the "Loan") which was evidenced by certain Amended and Restated Mortgage Note dated as of May 22, 2017 and secured by a first senior mortgage lien (the "Mortgage") covering the Debtor's Property. On or about April 19, 2021, NYCB transferred and assigned the Loan and all of its right, title and interest thereto to Signature, which commenced a foreclosure action on May 25, 2021.

6.  After the entry of the Order for Relief, Signature asserted pre-petition and post-petition claims for principal, contract interest, default interest and related fees for a total alleged indebtedness to $25,341,495 as of February 17, 2023.  The Debtor filed an objection to Signature's claim [ECF No. 77] (the "Objection") challenging Signature's entitlement to certain interest, default interest and other fees.

7.  Following mediation directed by the Court, the Debtor and Signature entered into a Stipulation of Settlement which then formed the basis of the Debtor's Plan.  The Stipulation of Settlement, a copy of which is Exhibit "A" to the Plan, in essence provided the Debtor with an opportunity to refinance the Property and satisfy Signature's Mortgage through a Discounted Payoff, failing which the Property would be sold.

8.  In connection therewith, the Debtor and Signature mutually agreed that Rosewood should be retained to act as broker, subject to the approval of the Bankruptcy Court, to market the Property on the terms set forth in the Engagement Agreement.  While the proposed retention is referenced in the Order approving the Stipulation of Settlement, as well as in the proposed Confirmation Order, it was always contemplated that the retention would be the subject of a separate retention motion, which would also seek approval of the Bidding Procedures by which the marketing and subsequent auction would be conducted.

## RELIEF REQUESTED

### A. Broker Retention

9.  By this Motion, pursuant to Sections 327 and 328 of the Bankruptcy Code Signature seeks to employ and retain Rosewood to act on behalf of the Debtor's estate as the real estate broker for the Property pursuant to the terms of Engagement Agreement.  Now that the Debtor has advised it is unable to refinance the Mortgage, the Debtor requires the services of a skilled real estate broker with extensive experience with commercial and residential real estate.

10. As the real estate broker for the Property, Rosewood will assist in the proposed marketing and auction sale of the Property. Signature and the Debtor believe Rosewood's retention is necessary given the circumstances of the Chapter 11 Case and the need to sell the Property in a prompt, efficient and cost-effective manner now that the Debtor is unable to make the Reduced Payoff.

11. Pursuant to the Plan and the terms of the Engagement Agreement, Rosewood will use its commercially reasonable efforts to obtain a satisfactory purchaser for the Property on such terms as are acceptable to the Debtor and Signature. Rosewood will negotiate the business terms of each purchase and sale agreement on behalf of the Debtor's estate, subject to review and approval by Signature and the Debtor. Rosewood will cooperate with other licensed real estate brokers representing purchasers subject to the terms of the Engagement Agreement.

12. As set forth in more detail in the Corbin Declaration, Rosewood is well-suited to provide the real estate services required herein. Rosewood is a licensed real estate broker in and by the State of New York with substantial experience in the marketing and sale of commercial and residential real property. Rosewood has been retained as a real-estate professional in numerous other bankruptcy cases. As a result, Signature and the Debtor believe Rosewood will be able to effectively and efficiently market and dispose of the Property.

13. Rosewood will be paid an aggregate commission of 2.0% (the "Commission") of the gross purchase price as a buyer's premium, except that if Signature credit bids, Rosewood shall be paid a flat sum of $100,000 as a buyer's premium.

14. To the best of the Signature's knowledge, and as set forth in more detail in the Corbin Declaration, Rosewood is a "disinterested person" as that term is defined in the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtor or the Debtor's estate.

15. As set forth herein, Rosewood is being retained and will be employed on behalf of the Debtor's estate to perform a highly specialized and discrete task and accordingly, will not be compensated based upon time and effort expended. Instead, Rosewood will be compensated based on a percentage of the proceeds of any final transaction consummated in connection with the Property. Requiring Rosewood to record and submit detailed time entries in light of the nature of the services to be rendered by Rosewood and the percentage-based fee proposed under the Agreement would be unduly burdensome to Rosewood. The Debtor further acknowledges and agree that the ultimate benefit to the Debtor's estate from Rosewood's services likely could not be measured merely by reference to the number of hours to be expended by Rosewood's professionals in the performance of such services. Accordingly, the Debtor requests that Rosewood be relieved of the requirement to file a fee application under Section 330 of the Bankruptcy Code or otherwise.

**B.     Approval of Bidding Procedures**

16. By this Motion, Signature also seeks the entry of an Order approving the Bidding Procedures and scheduling a hearing to confirm the results of the Auction and approve the sale to the Successful Bidder following conclusion of the bidding and Auction process.

17. Although there is currently no stalking horse bidder, the Bidding Procedures implement Signature's credit bid rights pursuant to 11 U.S.C. § 363(k) based upon an allowed claim amount of $25,080,894.23, as fixed in the Stipulation of Settlement and the Plan.

18. Pursuant to Administrative Order 557, the key provisions of the proposed Bidding Procedures of the Property are as follows:

- The Auction will be held on April 14, 2023 at 10:00 a.m.;

- the Successful Bidder (other than Signature) must close title on or before May 1, 2023, time of the essence;

- The decisions relating to the conduct of the Auction are to be made by Signature and the Debtor in consultation with Rosewood;

- Signature (although not required to do so) shall be permitted to credit bid up to and including the sum of 25,080,894.23. If Signature is the winning bidder at auction, it shall be required to fund only the following in addition to its credit bid: (i) all Allowed Secured Class 1 and 3, (ii) all Allowed Priority and Administrative Expenses, inclusive of the Allowed Professional Fees, DIP Loan (as that term is defined in the Settlement) and Allowed Receiver's fees and commissions, plus any outstanding U.S. Trustee fees; and (iii) the Class 4 Initial Class Distribution of $25,000.

- Prospective bidders (except Signature) must submit a proposed bid in an amount sufficient to pay (i) all Class 1 real estate tax liens in full; (ii) the allowed Class 2 secured claim of Signature in full, together with interest after February 28, 2023 and reasonable legal fees and other costs; (iii) the DIP loan together with all accrued interest; (iv) all administrative expense claims including professional fees of the Debtor's counsel and the Receiver, as well as any outstanding U.S. Trustee quarterly fees; (v) all allowed priority tax claims; and (vi) fund the $25,000 initial distribution to general unsecured creditors (the "Initial Bid").

- Prospective bidders (except Signature) must present a good faith deposit in the amount of 10% of the Proposed Bid plus a Buyer's Premium of 2.0% on or before April 13, 2023 4:00 p.m. (the "Bid Deadline") (the "Qualified Bid"). Subsequent bids shall initially be in increments of $25,000;

- If no Qualified Bid is timely received from a Qualified Bidder, the Debtor shall file a Notice of No Auction and Signature shall be deemed the Successful Bidder based upon its credit bid;

- A hearing to confirm the results of the Auction and finally approve the Sale shall be held on April __, 2023 before the Hon. Elizabeth S. Stong;

- the Successful Bidder must pay any required transfer taxes and any forms or applicable recording documents as required by applicable governmental authorities, together with the customary and fees and taxes associated in connection therewith usually paid by a purchaser of real property and the transactions hereunder to the extent such taxes are not exempt under the Confirmation Order;

- the Property is being sold free and clear of all liens, claims, taxes and encumbrances pursuant to § 363(b) and (f); and

- the Property is being sold "as is," "where is," "with all faults," and without any representations or warranties of any kind.

19. Signature submits that the Bidding Procedures are the product of extensive arms-length discussions among Signature, the Debtor and Rosewood and now warrant Bankruptcy Court approval.

**WHEREFORE,** Signature, on behalf of the Debtor's estate respectfully requests that the Court enter an order authorizing the retention of Rosewood as real estate broker and approving the Bidding Procedures, together with such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       March 16, 2023

                              Goldberg Weprin Finkel Goldstein LLP
                              *Attorneys for Signature Lien Acquisitions III LLC*
                              1501 Broadway, 22nd Floor
                              New York, New York 10036
                              (212) 221-5700

                              By:    /s/ J. Ted Donovan, Esq.